United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 04-20818
Conference Calendar

—————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE DIAZ-RENDON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-98-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Diaz-Rendon appeals his guilty-plea conviction and sentence for illegal reentry following deportation. Diaz-Rendon contends that his sentence is invalid in light of United States v. Booker, 125 S. Ct. 738 (2005), because the sentencing judge applied the sentencing guidelines as if they were mandatory. Because Diaz-Rendon did not raise this issue in the district court, we review it only for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005); see also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Malveaux, ___F.3d___, No. 03-41618, 2005 WL 1320362 (5th Cir. Apr. 11, 2005).

Diaz-Rendon fails to identify anything in the record to suggest that his sentence would have been any less had the court applied the sentencing guidelines as advisory rather than mandatory. Valenzuela-Quevedo, 407 F.3d at 733-34. He thus fails to establish prejudice to his substantial rights. See id.

Diaz-Rendon argues pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), should be overruled. He concedes that his constitutional argument is foreclosed by Almendarez-Torres, and he raises it solely to preserve its further review by the Supreme Court.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). The Supreme Court's recent decisions in Shepard v. United States, 125 S. Ct. 1254, 1262-63 & n.5 (2005), Booker, and Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004), also did not overrule Almendarez-Torres. We therefore must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.